Geraldine RESHEL, Reshel Limited Partnership,
& Reshel Enterprises *v.* Keith MOSER, Jewell, Moser,
Fletcher & Holleman, Jewell & Moser, P.A.,
& Moser & Associates, P.A.

CA 07-531                                           270 S.W.3d 877

Court of Appeals of Arkansas
Opinion delivered January 9, 2008

*Dover Dixon Horne, PLLC,* by: *Thomas S. Stone* and *Nona Robinson,* for appellant.

DAVID M. GLOVER, Judge. This is a one-brief case in which appellants appeal from the trial court's dismissal of their claims against one of the corporate defendants named in their complaint, Jewell, Moser, Fletcher, & Holleman, P.A. Appellants contend that 1) the trial court erred in dismissing their claims based upon a lack of subject-matter jurisdiction, and 2) the trial court erred in denying their motion for default judgment against that particular defendant. We agree with appellants' first point of appeal, that the trial court erred in dismissing their claim based upon a lack of subject-matter jurisdiction, and we, therefore, reverse and remand to the trial court for it to assume jurisdiction and render a decision on this matter. We do not address the second point because an initial decision on the motion for default judgment lies with the trial court having jurisdiction, not an appellate court.

By judgment entered February 20, 2007, the trial court determined that it lacked subject-matter jurisdiction over Jewell, Moser, Fletcher, & Holleman, P.A. because the corporation was at that time before the trial court in a pending judicial dissolution and receivership. In paragraph two of the judgment, the trial court specifically noted that it was making "no finding as to the liability of Jewell, Moser, Fletcher, & Holleman, P.A.," and it dismissed without prejudice all claims against that defendant. The trial court found that the remaining defendants named in the complaint breached their contract with the plaintiffs, breached their fiduciary duty to plaintiffs, and were negligent with respect to actions promised to plaintiffs. The trial court then entered judgment in the amount of $418,833.69 against those remaining defendants — Keith Moser; Jewell & Moser, P.A.; Jewell & Moser, Professional

Association; and Moser & Associates, P.A. The instant appeal involves only the dismissal of these same claims against appellee Jewell, Moser, Fletcher, & Holleman, P.A. based upon the trial court's determination that it lacked subject-matter jurisdiction.

The two statutes under consideration in this appeal are Arkansas Code Annotated sections 4-27-1405(b)(5) (Repl. 2001) and 4-27-1432(c)(1)(ii) (Repl. 2001), which provide:

4-27-1405. Effect of dissolution.

. . . .

(b) Dissolution of a corporation does not:

. . . .

(5) prevent commencement of a proceeding by or against the corporation in its corporate name [.]

4-27-1432. Receivership or custodianship.

(a) A court in a judicial proceeding brought to dissolve a corporation may appoint one (1) or more receivers to wind up and liquidate, or one (1) or more custodians to manage, the business and affairs of the corporation. The court shall hold a hearing, after notifying all parties to the proceeding and any interested persons designated by the court, before appointing a receiver or custodian. *The court appointing a receiver or custodian has exclusive jurisdiction over the corporation and all of its property wherever located.*

. . . .

(c) The court shall describe the powers and duties of the receiver or custodian in its appointing order, which may be amended from time to time. *Among other powers:*

*(1) the receiver . . . (ii) may sue and defend in his own name as receiver of the corporation in all courts of this state[.]*

(Emphasis added.)

In particular, Arkansas Code Annotated section 4-27-1432(a), provides that "[t]he court appointing a receiver or custodian has exclusive jurisdiction over the corporation and all of its property wherever located." The trial court apparently felt constrained by section 1432(a) from asserting jurisdiction. But, that same statute, in subsection (c)(1)(ii), contains the additional provision: "Among other powers: (1) the receiver . . . (ii) may sue and defend in his own name as receiver of the corporation *in all courts of this state*[.]"

■ We have concluded that the trial court erred in determining that it lacked subject-matter jurisdiction. Reading the two statutory sections together, we find nothing from the fact that the trial court had a pending judicial dissolution and receivership before it concerning Jewell, Moser, Fletcher, & Holleman, P.A. that would prohibit it, or "all courts of this state," where appropriate, from asserting subject-matter jurisdiction over this defendant in the instant matter.

As mentioned previously, we do not address appellants' second point of appeal in which they contend that the trial court erred in denying their motion for default judgment against Jewell, Moser, Fletcher, & Holleman, P.A. With subject-matter jurisdiction established, the grant or denial of a motion for default judgment is a decision that the trial court will have to make in the first instance upon remand.

Reversed and remanded.

HEFFLEY and BAKER, JJ., agree.